# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 19, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RACHEL MCCARRON, | \* | |
| | \* | No. 16-1055V |
| Petitioner, | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Petitioner's Costs; |
| | \* | Special Master's Discretion. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \*

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Lynn E. Ricciardella, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING FEES AND COSTS[1]

On August 25, 2016, Rachel McCarron ("petitioner"), acting *pro se*, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2]  Petition. Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on August 27, 2014. Petition at 1. Attorney Howard S. Gold was substituted as counsel on October 31, 2016. On May 11, 2017, I issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision on Stipulation.

On May 12, 2017, petitioner filed a motion for fees and costs. Petitioner's Motion. She requests $7,211.50 in attorneys' fees. Id. at 1. Pursuant to General Order #9, petitioner also requests reimbursement for $400.00 in costs she personally incurred while acting *pro se*. Id.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 16, 2017, respondent filed a response to petitioner's motion for fees and costs. Respondent's Response. Respondent "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Id. "Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id. This matter is now ripe for review.

**I.        Reasonable Attorneys' Fees and Costs**

   **a. Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

   **i.    Hourly Rates**

Petitioner requests that her counsel Howard S. Gold be awarded an hourly rate of $370.00 for work performed in 2016 and $380.00 for work performed in 2017. Petitioner's Motion at 3-6. She requests an hourly rate of $125.00 for work performed by Mr. Gold's paralegal during 2016-2017. These requested rates are within the ranges set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18,

2016), and the Office of Special Masters' fee schedules for those years.[3]  Other special masters have awarded these rates to Mr. Gold and his paralegal, after determining that they were reasonable.  Cooper v. Sec'y of Health & Human Servs., No. 15-471V, 2017 WL 1435880 (Fed. Cl. Spec. Mstr. March 30, 2017); Coston v. Sec'y of Health & Human Servs., No. 16-05V, 2017 WL 1152465 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).  I agree that the rates are reasonable and also award them in this case.

### i. Hours Expended

Petitioner requests compensation for 18.6 hours entered by Mr. Gold and 2.6 hours entered by his paralegal.  Petitioner's Motion at 5-6.  Petitioner submitted an adequate billing log, which provides the date of service, increment of time, billing rate, and nature of each task performed.  Id.  Petitioner also provided an affidavit from Mr. Gold which identifies the rates applicable to himself and his paralegal.  Based on my review of these materials and the lack of specific objection from respondent, I award these hours in full.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests reimbursement for personally paying the $400.00 fee for filing her claim, when she was *pro se*.  Petitioner's Motion at 1.  This cost is certainly reasonable and is awarded to petitioner.

### II. Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $7,211.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Rachel McCarron, and petitioner's counsel, Howard S. Gold of the Gold Law Firm, LLC.[4]**

2) **A lump sum in the amount of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Rachel McCarron.**

---

[3] See United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed May 18, 2017).

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charged by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.